IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MISSION GROUP KANSAS, INC., d/b/a ) <br> WRIGHT CAREER COLLEGE, et al., ) <br> ) <br> Defendants. ) | Case No. 14-0170-CV-W-ODS |

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF JURISDICTION

Pending are two motions to dismiss, each filed by different groups of defendants. The Court agrees that it lacks jurisdiction in this matter, so the motions (Doc. # 21 and Doc. # 25) are granted and this case is dismissed without prejudice.

I. BACKGROUND

Plaintiff seeks a declaration that it does not have to provide a defense or indemnify its insureds. This case thus relates to an underlying suit, and a description of that underlying suit is helpful to the present discussion.

In November 2013, Defendants Stefanie Ayala, Jennifer Decker, Christi Hampton and Steven Jewsome ("the Students") filed a lawsuit in state court. The defendants in the underlying suit were Mission Group Kansas, Inc., d/b/a Wright Career College and three members of its Board of Directors: John Mucci, Steven Browne, and Ron Holt (collectively, "the College"). The College notified its insurer (Plaintiff herein, or "Assurance") of the suit and requested a defense of the suit and indemnification of any judgment that might be rendered. In February 2014, Assurance notified the College in writing that it would not provide a defense or indemnification. Assurance did not agree to defend the College under a reservation of rights, and the underlying suit continues. Shortly after notifying the College of its decision, Assurance filed this lawsuit seeking a

declaration that its decision not to defend or indemnify the College does not breach its obligations under the policy.

## II. DISCUSSION

The College and the Students have filed separate motions to dismiss. Both raise the same arguments: (1) the Court lacks jurisdiction in this matter and (2) even if jurisdiction exists, the Court should abstain. Assurance's arguments address only the issue of abstention and say nothing about the Court's jurisdiction, implicitly suggesting the issues are the same. This is incorrect. Abstention is a decision to *defer* jurisdiction, and is thus considered only after it is determined that jurisdiction exists. Cf. Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 192 (8th Cir. 2008); Arkansas Power & Light Co. v. Missouri Public Serv. Comm'n, 829 F.2d 1444, 1449-50 (8th Cir. 1987); see also Wilton v. Seven Falls Co., 515 U.S. 277, 285 (1995); Will v. Calvert Fire Ins. Co., 437 U.S. 655, 663 (1978). Assurance's position is also curious in that it leaves unanswered Defendants' arguments that there is no case or controversy, making it very difficult for the Court to rule that Assurance has carried its burden of demonstrating jurisdiction exists. See City of Clarkson Valley v. Mineta, 495 F.3d 567, 570 (8th Cir. 2007) (describing burden for party invoking federal court's jurisdiction).

The Declaratory Judgment Act allows a court to "declare the rights and other legal relations of any interested party seeking such declaration" if presented "a case of actual controversy within its jurisdiction . . . ." 28 U.S.C. § 2201. "The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction." Bacon v. Neer, 631 F.3d 875, 880 (8th Cir. 2011). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 130 (2007). The plaintiff must demonstrate it has standing; that is, the party seeking declaratory relief must demonstrate that it has suffered an injury in fact that is fairly traceable to the defendants' actions and that will likely be redressed by a favorable decision. County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004) (explaining that plaintiff in suit seeking declaratory judgment must demonstrate it has standing). The issue at hand is

2

whether Assurance has suffered the necessary injury.  The Court concludes that it has not.[1]

"The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action." Id. (quotation omitted).  However, there must be an injury that is "certainly impending." Public Water Supply Dist. No. 8 v. City of Kearney, MO, 401 F.3d 930, 932 (8th Cir. 2005); see also Benjamin, 361 F.3d at 463-64.  "Whether the factual basis of a declaratory judgment action is hypothetical—or more aptly, too hypothetical—for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree." Public Water Supply Dist. No. 8, 401 F.3d at 932.  Assurance would be suffering an injury if it had opted to defend the College under a reservation of rights because one of the purposes of the Declaratory Judgment Act is to prevent the accrual of avoidable damages to a party who is uncertain of their rights. E.g., Blakely v. United States, 276 F.3d 853, 872 (6th Cir. 2002); Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 189 (3d Cir. 1997); NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994).  If Assurance were defending the suit under a reservation of rights, an early adjudication of Assurance's obligations would enable it to avoid the accrual of additional defense costs.  The situation might also be different if Assurance wanted to do something but feared prosecution or some other official repercussion.  See Steffel v. Thompson, 415 U.S. 452, 466-68 (1974).

All Assurance has is the possibility of injury: the possibility that the College will sue to recover defense costs, and the possibility that the College will lose the suit against the Students and thereafter seek indemnification.  These possibilities are not "certainly impending," and generally a party seeking nothing more than a determination of non-liability for past conduct does not present a justiciable controversy absent an

---

[1]Some cases discussing this issue describe it as one of ripeness.  However, ripeness is another doctrine that, like standing, is intended to enforce the federal courts' limitation to adjudicating cases and controversies within the meaning of Article III. Moreover, there is substantial similarity between the injury requirement for standing and ripeness.  E.g., Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 & n.5 (2014)

impending or at least a threatened lawsuit.  Cf. Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050-51 (8th Cir. 1996).  Assurance is no different than any other party who has taken an action and now wonders whether that action might have breached its contract.  This curiosity does not present a case or controversy.

### III.  CONCLUSION

Assurance has no present injury beyond an interest in knowing whether it will win an as-yet unfiled lawsuit.  This curiosity is not sufficient to present a case or controversy within the Court's jurisdiction.  The case is dismissed without prejudice for lack of jurisdiction; Assurance can assert its arguments as a defense to that lawsuit if and when it is filed.

IT IS SO ORDERED.


DATE: October 27, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT